UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMUEL A. JIMENEZ, | Case No. 3:20-cv-00045-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| GRAND SIERRA RESORT, *et al.*, | |
| Defendants. | |

Plaintiff has filed a civil rights action under 42 U.S.C. § 1983 against the Grand Sierra Resort and several of its employees for wrongfully apprehending and attacking him. (ECF No. 5 at 3.) Before the Court is Magistrate Judge Carla L. Baldwin's Report and Recommendation ("R&R") (*id.*), recommending that Plaintiff's *in forma pauperis* ("IFP") (ECF No. 1) be granted, his Complaint (ECF No. 1-1) be dismissed with prejudice, and his pending motions (ECF Nos. 3, 4) be denied as moot.[1] Plaintiff had until May 1, 2020 to file objections to the R&R. (*See* ECF No. 5 at 5.) To date, no objections have been filed. For the reasons explained below, the Court will adopt the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of

---

[1] The copy of the R&R that was sent to Plaintiff was returned as undeliverable (ECF No. 6), but Plaintiff has an ongoing obligation to apprise the Court of his address. *See* LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.").

the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

The Court finds it unnecessary to engage in *de novo* review to determine whether to adopt Judge Baldwin's R&R and is satisfied that there is no clear error. Judge Baldwin found that Plaintiff cannot pay the filing fee and therefore recommended that this Court grant Plaintiff's IFP application. (ECF No. 5 at 2.) Furthermore, Judge Baldwin found that Plaintiff failed to state a colorable claim against Defendants who are private parties and who Plaintiff has not alleged conspired or entered joint action with a state actor. (*Id.* at 4-5 (citing to *West v. Atkins*, 487 U.S. 42, 49 (1988); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002).) The Court agrees with Judge Baldwin.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Baldwin (ECF No. 5) is accepted and adopted in full.

It is further ordered that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed with prejudice.

It is further ordered that Plaintiff's remaining motions (ECF Nos. 3, 4) are denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 6th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE