UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMUEL A. JIMENEZ,<br><br>                    Plaintiff,<br>    v.<br><br>GRAND SIERRA RESORT, *et al.*,<br><br>                    Defendants. | Case No. 3:20-cv-00045-MMD-CLB<br><br>ORDER |

Plaintiff has filed a civil rights action under 42 U.S.C. § 1983 against the Grand Sierra Resort and several of its employees for wrongfully apprehending and attacking him. (ECF No. 5 at 3.) The Court adopted Magistrate Judge Carla L. Baldwin's Report and Recommendation ("R&R") and dismissed the case for lack of subject matter jurisdiction because the Court agreed with Judge Baldwin and because Plaintiff failed to timely object. (ECF No. 7 at 1-2 (adopting ECF No. 5).) Before the Court is Plaintiff's motion for reconsideration (the "Motion") (ECF No. 12) of this Court's order.[1] For the reasons explained below, the Court will deny the Motion.

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Motions for

---

[1] Judge Baldwin recommended that Plaintiff's *in forma pauperis* (ECF No. 1) be granted, his Complaint (ECF No. 1-1) be dismissed with prejudice, and his pending motions (ECF Nos. 3, 4) be denied as moot.

reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Plaintiff argues that Washoe County Jail failed to notify the Court that Plaintiff was moved to the Nevada Department of Corrections (the "NDOC"). (ECF No. 12 at 1.) *But see* LR IA 3-1 (noting that a pro se party is responsible for apprising courts of his or her address). Furthermore, NDOC just recently allowed Plaintiff to submit a change of address, explaining to him that the courts were temporarily shut down due to the Corona virus pandemic. (ECF No. 12 at 1.) Even if Plaintiff's arguments were true, the Court still lacks subject matter jurisdiction over this action, which Plaintiff does not address. (*See* ECF No. 7 at 2). Accordingly, the Court will deny the Motion.

It is further ordered that Plaintiff's motion for reconsideration (ECF No. 12) is denied.

It is further ordered that the Clerk of Court send Plaintiff a copy of his Complaint.

DATED THIS 9th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE